UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAYQUAN JOHNSON                                   Case No.: 17-01986-NG-SMG

                Plaintiff,

                                            **THIRD AMENDED**
                                            **COMPLAINT**

    *-against-*

THE CITY OF NEW YORK,                             JURY TRIAL DEMANDED
POLICE OFFICER TAU SAMUEL,
POLICE OFFICER JOSEPH TORTORA,
CAPTAIN JOHN POTKAY,
*and* DETECTIVE COURTNEY WALLACE

                              Defendants.
------------------------------------------------------------------X

Plaintiff, NAYQUAN JOHNSON, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK, Police Officer TAU SAMUEL, shield #17558 ("SAMUEL"), Police Officer JOSEPH TORTORA, shield #02059 ("TORTORA"), Captain JOHN POTKAY, tax id #922987 ("POTKAY"), and Detective COURTNEY WALLACE, shield #7125 ("WALLACE") upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, NAYQUAN JOHNSON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that all of the defendants reside in the state of New York and at least one of them resides in the Eastern District.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant Police Officer TAU SAMUEL was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SAMUEL acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his

duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant Police Officer JOSEPH TORTORA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant TORTORA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant Captain JOHN POTKAY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POTKAY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant Detective COURTNEY WALLACE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant WALLACE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

11. On or about September 7, 2016 at about 9:25 P.M. in the vicinity of 61st Street on the east side of Manhattan, plaintiff was driving with his friend and girlfriend when he was cut off in traffic by defendant COURTNEY WALLACE, an off-duty detective assigned to the 81st Precinct of the New York Police Department.

12. Plaintiff responded by speeding up and passing defendant's car but did not throw anything at defendant's car as defendant would later claim.

13. Defendant then sped up and pulled even with plaintiff.

14. Both parties lowered their windows and began to shout obscenities.

15. Plaintiff accelerated and defendant WALLACE began to follow him.

16. Plaintiff pulled over on the right side of 61st Street between 2nd and 3rd Avenue.

17. Defendant WALLACE then pulled over behind him, got out of his car and approached plaintiff's car.

18. Plaintiff got out of his car and approached defendant WALLACE.

19. The two continued to exchange words until defendant WALLACE struck plaintiff about the neck with the side of his hand in the manner of a karate chop.

20. Defendant WALLACE then drew a firearm from a holster on his waist and hit plaintiff again about the neck, this time with the handle of the firearm.

21. Defendant WALLACE then identified himself as a police officer as he pointed the firearm at plaintiff.

22. Defendant WALLACE's passenger, a woman, began shouting for him to get back in the car.

23. Plaintiff's girlfriend, who remained in the passenger side of their car throughout this sequence of events, dialed 911.

24. Defendant WALLACE then got in the car and attempted to drive away.

25. Plaintiff and his friend, who was now out of the car, attempted to stop defendant WALLACE from leaving the scene by standing in front of his car but he maneuvered around them and began to flee.

26. However, defendant WALLACE was thwarted in his attempt to flee the scene by traffic on 3rd Avenue.

27. Moments later police officers from the 19th precinct, including defendant SAMUEL, arrived on the scene.

28. The police officers questioned the parties separately.

29. All parties were eventually brought to the 19th Precinct.

30. Plaintiff told them that he was attacked by defendant WALLACE and showed the officers where there was swelling and a bruise on his neck.

31. According to a criminal complaint filed against plaintiff by defendant SAMUEL, defendant WALLACE told the officers who arrived on the scene that plaintiff attacked him with his hands "causing substantial pain to his shoulder" and that this occurred after defendant WALLACE identified himself as a police officer.

32. Plaintiff remained at the 19th precinct for some time after the incident, ostensibly for questioning. Eventually, plaintiff asked if he was free to leave.

33. At that point defendant POTKAY yelled at him and told him to stop asking to leave.

34. Plaintiff said something back and defendant POTKAY ordered defendant TORTORA to arrest plaintiff.

35. Defendant TORTORA then placed plaintiff in handcuffs and told him that he was under arrest.

36. Defendant SAMUEL then filled out a criminal complaint and arrest report, relying on defendant WALLACE's earlier statements despite available evidence to the contrary, including the statements of the plaintiff's girlfriend, plaintiff's passenger and at least one independent eye witness who corroborated plaintiff's version of events.

37. Defendant SAMUEL eventually charged plaintiff with one count of felony assault on a police officer while defendant WALLACE was allowed to leave and was not charged with any crime, despite plaintiff's repeated requests to file a complaint against defendant WALLACE for assault and battery.

38. Plaintiff was eventually transferred to central booking in Manhattan, where he was arraigned and released on his own recognizance approximately 24 hours after the initial incident.

39. Plaintiff subsequently sought treatment at Maimonides Medical Center in Brooklyn, where he was diagnosed as suffering from muscle spasms.

40. To defend against the baseless criminal charge levied against him by defendants, plaintiff was forced to retain counsel at an out of pocket expense of five thousand dollars ($5,000).

41. On February 1, 2017, the charge of second degree assault was dismissed.

## AS FOR A FIRST CAUSE OF ACTION

**Excessive Force against defendant Detective Courtney Wallace in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.**

42. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

43. At all times during the events described above defendant WALLACE lacked probable cause to use force against plaintiff.

44. The aforementioned acts of defendant WALLACE, including his use of force against plaintiff, were carried out under the color of state law.

45. The aforementioned acts of defendant WALLACE, including his use of force against plaintiff, were carried out in his capacity as a police officer with all actual and/or apparent authority afforded thereto.

46. The use of excessive force against plaintiff by defendant WALLACE deprived plaintiff of the right to be free from excessive force guaranteed to citizens of the United States by the

Fourth and Fourteenth Amendments to the Constitution of the United States of America in violation of 42 U.S.C. § 1983.

47. As a result of the aforementioned acts of defendant WALLACE, including his use of force, plaintiff suffered substantial physical pain and emotional distress.

## AS FOR A SECOND CAUSE OF ACTION

**False Arrest against Police Officer Tau Samuel, Police Officer Joseph Tortora and Captain John Potkay in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.**

48. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. At all times during the events described above, defendants SAMUEL, TORTORA and POTKAY lacked probable cause to arrest plaintiff.

50. At all times during the events described above defendants SAMUEL, TORTORA and POTKAY acted under the color of state law.

51. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

52. The arrest of plaintiff by defendants SAMUEL, TORTORA and POTKAY deprived plaintiff of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

53. As a result of the aforementioned acts of defendants SAMUEL, TORTORA and POTKAY plaintiff suffered a period of false imprisonment lasting approximately 18 hours.

## AS FOR A THIRD CAUSE OF ACTION

**Malicious Prosecution against defendants Tau Samuel and Courtney Wallace in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.**

54. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

55. At all times during the events describe above defendants SAMUEL and WALLACE lacked probable cause to charge plaintiff with criminal conduct.

56. The aforementioned acts of defendants SAMUEL and WALLACE, including the filing of false criminal charges against plaintiff, were carried out under the color of state law.

57. The filing of false criminal charges against plaintiff by defendants SAMUEL and WALLACE deprived plaintiff of the right to be free from unwarranted and malicious prosecution guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

58. As a result of the aforementioned acts of defendants SAMUEL and WALLACE plaintiff was forced to expend five thousand dollars to retain the services of a defense attorney and make numerous Court appearances subsequent to his arraignment on the false charges.

## AS FOR A FOURTH CAUSE OF ACTION

**Municipal Liability under 42 U.S.C. § 1983 against the City of New York**

59. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

60. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the

police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

61. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

62. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

63. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

64. The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 01/18/2017
      Brooklyn, NY

                              By:      */s/Alexis G. Padilla*
                                       Alexis G. Padilla, Esq. [AP8285]
                                       *Attorney for Plaintiff*
                                       *Nayquan Johnson*
                                       575 Decatur Street #3
                                     Brooklyn, NY 11233
                                     (917) 238-2993
                                     alexpadilla722@gmail.com